IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| JOHN S. CAMPBELL<br>a/k/a Jack S. Campbell | : | BANKRUPTCY NO.: 4-16-bk-04606-JJT |
| DEBTOR | : | |
| BOBBY JOE PETERS<br>d/b/a Kitchen Cabinet Depot | : | {**Nature of Proceeding**: Motion to Dismiss Complaint (Doc. #4)} |
| PLAINTIFF | : | |
| vs. | : | |
| JOHN S. CAMPBELL<br>a/k/a Jack S. Campbell | : | |
| DEFENDANT | : | **ADVERSARY NO.: 4-17-ap-00013-JJT** |

# OPINION[1]

The Plaintiff initiated this adversary proceeding by filing a Complaint to determine the non-dischargeability of a certain debt under 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6). This Complaint was met by a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012.

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[K:\Cathy\Opinions-Orders filed 2017\4-17-ap-00013-JJT_Campbell.pdf]

*Twombly*, 127 S.Ct. at 1965.

In this regard, the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 *citing Twombly*, 127 S.Ct. at 1969 n.8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

The Defendant argues that the Complaint is deficient because it does not state the circumstances constituting fraud with the particularity required by Federal Rule of Civil Procedure 9(b). In this regard, the Defendant claims the Complaint falls short of alleging evidence sufficient to support a claim under § 523(a)(2)(A). The Defendant claims that the facts pled do not support a finding of fraud or actual fraud against the Debtor individually. Rather, the allegation seemed directed to the business entity owned by the Debtor and its several employees. Related to this argument, the Defendant asserts that because the business relationship was actually between the Plaintiff and the Defendant's business, a traditional fiduciary relationship could not have been established and, therefore, that Count of the Complaint under § 523(a)(4) must also fail. Finally, the Motion to Dismiss alleges there was a failure to set forth any conduct that would support a finding that there was a wilful and malicious injury by the Debtor to the Plaintiff.

The Court has reviewed the averments of the Complaint using the guidance of the above-referenced case law and has determined that the Complaint does survive the underlying Motion to Dismiss.

As stated by our Circuit in *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir.

2008), "*Twombly* 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Citing to *Twombly*, *supra*. I find that all Counts of the Complaint satisfy this standard.

My Order will follow.

By the Court,

Date: May 18, 2017

John J. Thomas, Bankruptcy Judge
(CMS)